Stephen R. Basser
sbasser@barrack.com
Samuel M. Ward
sward@barrack.com
BARRACK, RODOS & BACINE
One America Plaza
600 West Broadway, Suite 900
San Diego, CA  92101
Telephone: (619) 230-0800
Facsimile: (619) 230-1874

*Attorneys for Plaintiff Eric Zatt*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC ZATT, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>  v.<br><br>AT&T CORPORATION and AT&T MOBILITY, LLC,<br><br>  Defendant. | Case No.  **'16CV1323 BEN RBB**<br><br>CLASS ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

## I.      INTRODUCTION

1.      Plaintiff Eric Zatt ("Plaintiff"), individually and on behalf of all others similarly situated, files this class action against AT&T Incorporated and AT&T Mobility, LLC (collectively "AT&T," the "Company," or "Defendant").   Plaintiff states and alleges as follows upon information and belief, except as to those allegations pertaining to Plaintiff personally, which are alleged upon personal knowledge.   Plaintiff invokes this Court's jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C.  § 1332(d).

2.      AT&T markets various GoPhone compatible cellular telephones at prices ranging from less than $20 each to more than $100.  These cellular telephones are marketed and sold through numerous retailers, including Walmart, Walgreens, Best Buy, Target, Staples, 7-11, Rite Aid, and others.

3.      After purchasing a GoPhone, users are instructed to activate their phones through AT&T and to choose one of the service plans offered by AT&T.   As indicated in the image below, several prepaid cellular plans are featured prominently on the packaging for AT&T GoPhones.



4.     Specifically, under the heading "Your plan – your choice," the packaging for the cellular phone purchased by Plaintiff Zatt features a $0.10 per minute plan for calls within the United States.  Despite this representation, and as set forth in more detail below, AT&T offers no such plan, instead only allowing GoPhone purchasers to choose other, substantially more expensive calling plans. This tactic or practice constitutes a classic "bait and switch." Plaintiff and members of the Class have been victimized by this practice in which AT&T advertises calling plans on the packaging for its GoPhones that it has no intention of actually providing to consumers.  After purchasing a device, and discovering that AT&T does not offer the plan that they sought to use, consumers are then forced to either purchase an alternative (and more expensive) plan, or they are left with an otherwise useless cellular phone.

## II.     PARTIES

5.     Plaintiff Eric Zatt is a resident of Encinitas, San Diego County, California.  On May 6, 2016, Plaintiff Zatt purchased an AT&T Z432 cellular phone for $29.99 and a $10 "refill and go" card for use with the phone at Rite Aid.  Shortly thereafter, when Mr. Zatt attempted to activate the phone, he discovered that the $0.10 per minute plan advertised by AT&T on the packaging for the phone purchased by Mr. Zatt was false and not available.  Mr. Zatt had become the victim of AT&T's bait and switch tactics.

6.     AT&T Mobility, LLC is a wholly-owned subsidiary of AT&T, Inc. AT&T Mobility, LLC provides wireless voice and data service throughout the United States, including the State of California.  AT&T Mobility, LLC is incorporated in Delaware and maintains its headquarters at 1025 Lenox Park Blvd., NE, Atlanta, Georgia 30319.

7.     AT&T Corporation is incorporated in New York, New York and headquartered at One AT&T Way, Bedminster, New Jersey, 07921.   AT&T Corporation is the parent company of AT&T Mobility, LLC.   AT&T provides telecommunications services throughout the United States, including within the State of California.

### III.   JURISDICTION AND VENUE

8.     This Court has original jurisdiction pursuant to 28 U.S.C. §1332(d)(2). The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is a class action in which at least one Class Member is a citizen of a state different from the citizenship of Defendant.

9.     Venue is proper in this District pursuant to 28 U.S.C. §1391 in that Plaintiff resides in this district and because many of the acts and transactions giving rise to this action occurred in this District.

### IV.   FACTUAL ALLEGATIONS

10.     Prepaid plans are popular with a wide variety of users because they are often low cost, can be purchased at a wide variety of consumer outlets and, unlike other cellular telephone plans, do not require a credit check or a commitment to continuing service. AT&T is one of the largest providers of prepaid cellular telephone and data services in the United States.  For example, in the first quarter of 2016, AT&T added approximately 500,000 new prepaid customers through its GoPhone and Cricket prepaid services.  In total, AT&T has approximately eleven million prepaid customers.

11.     AT&T sells its GoPhone prepaid phones through a variety of consumer outlets, including Walmart, Walgreens, Best Buy, Target, Staples, 7-11, Rite Aid, and

others.   Purchasers of an AT&T GoPhone can, along with their cellular phones, purchase cards that they can use to immediately activate and "load" their phones. Once "loaded" with credit, the phone can be used until the prepaid credit has been exhausted.

12.   Because GoPhones compete with offerings from other carriers, and because GoPhones are often sold in locations without AT&T staff or independent promotion, the packaging for AT&T GoPhones serves as a significant point of advertising, highlighting not only the features of the cellular phone being sold, but the various data plans that AT&T offers for GoPhone users.   For example, the packaging for the cellular phone purchased by Plaintiff Zatt provides details regarding the cellular phone on its face, as indicated in the image below.



13.     By opening a flap on the front cover of the packaging, customers can review plans offered by AT&T and compare them against those offered by competitors, whose prepaid phones are often sold at the same locations.  As indicated in the image below, AT&T's packaging is a primary means of identifying the calling plans, as well as the costs and features of those plans.



14.     Featured prominently on the packaging for AT&T GoPhone device purchased by Plaintiff Zatt, under the caption "Your plan – your choice" is an offer for nationwide calling for a flat rate of $0.10 per minute, or "10 cents per minute for all nationwide calls."



15.    Based on the representation that he could purchase cellular service for a flat fee of $0.10 per minute, Plaintiff purchased an AT&T GoPhone.  However, thereafter, when attempting to activate the phone and chose the $0.10 per minute calling plan, Mr. Zatt was informed that this rate was false, as AT&T did not offer any such plan and was instead offering a $0.25 per minute calling plan.   In fact, as indicated below, AT&T's website advertises several different cellular plans for

prepaid customers, but includes no reference to a plan allowing users to purchase phone calls at a flat rate of $0.10 per minute.

Prepaid plans—no annual contract

|  | $60 Monthly | $45 Monthly | $30 Monthly |
|---|---|---|---|
| **Save $5 Monthly with Auto Refill**[1] | $55/mo. | $40/mo. | ✖ |
| **High-Speed Data Access**[2]<br>Up to 4G LTE with compatible devices | 5GB | 2GB | $5 per 100MB |
| **Unlimited Talk & Text in the U.S.** | ✔ | ✔ | ✔ |
| **Unlimited Messaging to Mexico, Canada, and <u>over 100 countries</u>** | ✔ | ✔ | ✔ |
| **Rollover Data**[SM][3] | ✔ | ✔ | ✖ |
| **Unlimited Talk & Text from the U.S. to Mexico and Canada**[4] | ✔ | ✖ | ✖ |
| **Includes Talk, Text & Data usage in Mexico and Canada**[4] | ✔ | ✖ | ✖ |

Chat available

Other plans available:

|  | $2 a Day | 25¢ a Minute |
|---|---|---|
| **Talk** | **Unlimited** nationwide | 25¢/min. |
| **Text** | **Unlimited** nationwide | 20¢/msg.<br>or buy a package |
| **Data** | 1¢/5KB<br>or buy a package | 1¢/5KB |

16.     Instead of providing a flat rate $0.10 per minute plan for prepaid customers, AT&T's least expensive offering is a $0.25 per minute plan.

17.     Had Plaintiff known that AT&T did not intend, and would in fact refuse, to provide services at the price advertised on the packaging for his GoPhone cellular device, he would not have purchased it.  Plaintiff is a citizen of the state of California and is a consumer as defined in California Civil Code § 1761 because he purchase the GoPhone for personal, family or household purposes.

18.     As a result of AT&T's bait and switch, Plaintiff is left with a choice of either 1) agreeing to a cellular phone plan that is substantially more expensive than the plan advertised to him or; 2) choosing not to use the phone that he purchased, thus losing the value of the purchase price of the phone.

## V.     CLASS ACTION ALLEGATIONS

19.     Plaintiff brings this action and seeks to certify and maintain it as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of the following Class and California Subclass:

**The Nationwide Class (The "Class")**

All purchasers of AT&T GoPhones who were subjected to Defendant's false and misleading written point of sale marketing and advertising regarding available rate plans at $0.10 per minute.  Excluded from the Class are AT&T Incorporated, AT&T Mobility, LLC, and their respective officers, directors, and employees.

**The California Subclass**

All California resident purchasers of AT&T GoPhones who were subjected to false and misleading advertising by Defendant regarding available rate plans.

Excluded from the Class are AT&T Corporation, AT&T Mobility, LLC, and their respective officers, directors, and employees.

20. ***Numerosity - Rule 23(a)(1) of the Federal Rules of Civil Procedure:*** The members of the Class are so numerous that their individual joinder is impracticable. Plaintiff is informed and believes, and on that basis alleges, that the proposed Class contains hundreds of thousands of members. The precise number of Class members is unknown to Plaintiff. As AT&T manages and oversees its sales of GoPhone cellular devices and the advertising of the GoPhone program, the true number of Class Members is known by Defendant. Thus, Defendant may notify all putative Class members of the pendency of this action by first class mail, electronic mail, and/or by published notice. AT&T also has the account information of all persons who have purchased an AT&T GoPhone cellular telephone.

21. ***Existence of Common Questions of Law and Fact – Rule 23(a)(2) of the Federal Rules of Civil Procedure:*** Common questions of law and fact exist as to all Class Members. These common legal and factual questions include, but are not limited to, the following:

    a.    whether AT&T's advertising of cellular telephone plans that it refused to provide to customers violates the provisions of California statutory law as alleged in this Complaint;

    b.    whether AT&T has been unjustly enriched by the misconduct alleged in this Complaint;

    c.    whether Plaintiff and members of the Class are entitled to declaratory and/or injunctive relief based on the misconduct alleged in this Complaint; and

    d.    whether Plaintiff and members of the Class sustained monetary loss and are entitled to an award of monetary damages.

22.     ***Typicality – Rule 23(a)(3) of the Federal Rules of Civil Procedure:*** Plaintiff's claims are typical of the claims of the members of the Class in that (1) Plaintiff and absent Class Members have been harmed by the false and misleading advertisements displayed on the packaging of AT&T GoPhones; (2) Plaintiff and absent Class Members were led to believe that, by purchasing an AT&T GoPhone, they would be able to chose from the various plans offered and advertised by AT&T when, in fact, AT&T did not offer all of the plans advertised on the packaging for its GoPhone cellular phones; and (3) Defendant is unjustly enriched as a result of Plaintiff's and the Class' respective purchases of AT&T GoPhones.

23.     ***Adequacy of Representation – Rule 23(a)(4) of the Federal Rules of Civil Procedure***: Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained counsel experienced in complex consumer class action litigation, and Plaintiff intends to prosecute this action vigorously. Plaintiff has no interests that are adverse or antagonistic to those of the Class.

24.     The Class may be certified pursuant to ***Rule 23(b)(1) of the Federal Rules of Civil Procedure*** because:

      a.     prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudication with respect to individual Class Members that would establish incompatible standards of conduct for the Defendant; and

      b.     the prosecution of separate actions by individual Class Members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class Members

not parties to the adjudications, or substantially impair or impede their ability to protect their interests.

25.     The Class and each of the Sub-Classes may also be certified pursuant to *Rule 23(b)(2) of the Federal Rules of Civil Procedure* because Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class as a whole.

26.     Certification pursuant to Rule 23(b)(2) is appropriate because unless such a Class is certified, Defendant will retain monies taken from Plaintiff and Class Members and received as a result of the offending conduct alleged herein. Unless a Class-wide injunction is issued, Defendant will continue to commit the violations alleged herein, and the members of the Class and the general public will continue to be misled and/or damaged.

27.     Class certification pursuant to *Rule 23(b)(3)of the Federal Rules of Civil Procedure* is also warranted because a class action is superior to all other available means for the fair and efficient adjudication of this controversy. The common questions of fact and law identified above predominate over any issues relating to individual members of the Class. Moreover, the damages or other financial detriment suffered by individual Class Members is relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against the Defendant. It would thus be virtually impossible for the members of the Class, on an individual basis, to obtain effective redress by way of damages for the wrongs done to them. Furthermore, even if Class Members could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all

parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here.

### CAUSES OF ACTION
### COUNT I
### Fraud

28.    Plaintiff repeats and re-alleges the allegations contained above as if fully set forth herein.

29.    This count is brought on behalf of the Class.

30.    In issuing, advertising and selling AT&T GoPhone cellular devices, Defendant misrepresented material facts, including the available rates for cellular telephone calls.  Specifically, Defendant false represented that users could pay "10 cents per minute for all nationwide calls."

31.    Defendant knew that this representation was false.

32.    The aforementioned concealment was material because, had it been disclosed, Plaintiff and the other members of the Class would not have bought AT&T GoPhone cellular devices, or would not have bought those cellular devices at the prices they paid

33.    The aforementioned representations were material because they were facts that would typically be relied on by a person purchasing a prepaid cellular device.

34.    Defendant's misrepresentations were made with the intent to induce reliance by Plaintiff and members of the Class.

35.     Plaintiff did not know, and could not know, that, having purchased an AT&T GoPhone, Plaintiff would be unable to make calls using the $0.10 per minute plan advertised on the packaging for AT&T GoPhones.

36.     As a consequence of Defendant's misrepresentations, Plaintiff and the Class suffered damages.

37.     Defendant's misrepresentations are ongoing, thus absent injunctive relief, consumers will continue to be exposed to AT&T's misrepresentations and harmed thereby.

## COUNT II
### Negligent Misrepresentation

38.     Plaintiff repeats and re-alleges the allegations set forth above as if fully set forth herein.

39.     Plaintiff brings this claim on behalf of himself and the Class.

40.     Defendant had a duty to provide honest and accurate information to comsumers so that they could make informed decisions regarding the purchase of a prepaid cellular device.

41.     Defendant specifically and expressly misrepresented material facts to Plaintiff and the other members of the Class, as set forth in detail above.

42.     Defendant knew, or in the exercise of reasonable diligence should have known, that the consumers would be misled by these misrepresentations.

43.     Plaintiff and the other members of the Class justifiably relied on Defendant's misrepresentations and have been damaged thereby.

## COUNT III
### Unjust Enrichment, Restitution, and Disgorgement

44.     Plaintiff repeats and re-alleges the allegations set forth above as if set forth fully herein.

45.     This count is brought on behalf of the Class.

46.     Defendant has received, and will continue to receive, a benefit and unjust enrichment at the expense of Plaintiff and the members of the Class.

47.     Defendant knowingly and/or recklessly labels and distributes for sale GoPhone cellular phones, the packaging of which contains false and misleading advertisements.  Having relied on these false advertisements in purchasing GoPhone cellular devices, consumers are then left to purchase cellular services from AT&T that they would not purchase but for but for Defendant's unfair practices. Alternatively, consumers can choose not to use the GoPhone cellular device that they purchased in reliance on AT&T false and misleading advertisements.

48.     Defendant is required to make restitution and disgorge the amount of each phone purchase price received as a consequence of the bait and switch practice and false and deceptive point of sale advertising.

**COUNT IV**
**False and Misleading Advertising in Violation of California Business**
**& Professions Code §17500, *et seq*.**
**(On Behalf of the California Class)**

49.     Plaintiff repeats and re-alleges the allegations set forth above as if set forth fully herein.

50.     This count is brought on behalf of the California Class.

51.     Throughout the period during which they have sold and offered for sale AT&T GoPhones, Defendant engaged in unlawful and/or fraudulent conduct under California Business & Professions Code §§ 17500, *et seq.*, by engaging in the sale of AT&T GoPhones based on publically disseminated advertisements, and terms and conditions that Defendant knew or reasonably should have known were unfair, deceptive, untrue and/or misleading.  Defendant committed such violations of the False Advertising Law with actual knowledge or knowledge fairly implied on the basis of objective circumstances.

52.     Defendant's advertisements, representations, and labeling as described herein were designed to, and did, result in the purchase and use of the AT&T GoPhones and related products, items and services and Defendant profited from the sales of these products to unwary consumers.

53.     As a direct result of Defendant's violations, Plaintiff and the Class Members suffered injury in fact and lost money.

54.     Accordingly, Plaintiff, on behalf of himself and all other Class Members, seek restitution and injunctive relief against Defendant in the form of an order prohibiting Defendant from engaging in the alleged misconduct described herein, and other relief as specifically prayed for herein.

**COUNT V**
**Violation of the California Unfair Competition Law,**
**Cal. Bus. & Prof. Code § 17200, *et seq*.**
**(On Behalf of the California Class)**

55.     Plaintiff repeats and re-alleges the allegations set forth above as if set forth fully herein.

56.     This Count is brought on behalf of the California Class.

57.     The UCL prohibits any "unlawful," "fraudulent," or "unfair" business act or practice and any false or misleading advertising.  Defendant violated (and continues to violate) the UCL through its business acts and practices as set forth herein, and specifically by distributing GoPhone cellular phones that falsely advertise cellular plans that AT&T does not offer.  These business acts and practices were centered in, emanated from and were carried out, effectuated and perfected in the United States and from within the State of California.

58.     Plaintiff and all members of the Class were harmed by AT&T's aforementioned unlawful, unfair and fraudulent business acts and practices occurring in the State of California.  As alleged herein, Plaintiff and members of the Class have

been victimized by, and have suffered injury in fact and lost money or property as a result of, AT&T's conduct associated with their distribution, marketing and sale of GoPhone devices that include false advertising.

59.   AT&T's actions and practices, as alleged in this Complaint, were unfair, deceptive, misleading and likely to deceive the consuming public within the meaning of the UCL.

60.   As set forth herein, AT&T's wrongful actions resulted in harm to consumers that is ongoing.  AT&T's acts constitute violations of the unfair prong of Cal. Bus. & Prof. Code § 17200 *et seq.*

61.   There were reasonably available alternatives to further AT&T's legitimate business interests, other than the conduct described herein.  As a result of its deception, Defendant has been able to reap unjust revenue and profit.

62.   Unless restrained and enjoined, Defendant will continue to engage in the above-described conduct.  Accordingly, injunctive relief is appropriate.

63.   Plaintiff, on behalf of himself and all other Class members, seeks restitution and disgorgement of all money obtained from Plaintiff and the members of the Class collected as a result of AT&T's misconduct and injunctive relief in the form of an order prohibiting Defendant from continuing such practices and requiring Defendant to engage in and undertake corrective measures, and all such other and further relief this Court deems appropriate, consistent with Cal. Bus. & Prof. Code § 17203.

64.   As a direct and proximate result of Defendant's unlawful acts and conduct, Plaintiff and Class Members are deprived of the use of their money that is unlawfully charged and collected by Defendant, and are therefore entitled to reimbursement and disgorgement of any money unjustly received by Defendant in connection with the sale of GoPhone cellular devices.

## COUNT VI
### Violation of the Consumers Legal Remedies Act,
### California Civil Code §1750, *et seq*.
### (On Behalf of the California Class)

65.　Plaintiff repeats and re-alleges the allegations set forth above as if fully set forth herein.

66.　This Court is brought on behalf of the California Class.

67.　Defendant is a "person" within the meaning of California Civil Code §§ 1761(c) and 1770, and provides "goods" within the meaning of Civil Code §§ 1761(a) and 1770.

68.　Purchasers of AT&T GoPhones, including Plaintiff and Class Members, are "consumers" within the meaning of Civil Code §§ 1761(d) and 1770. Each purchase of Defendant's GoPhone cellular telephone by Plaintiff and each Class Member as alleged herein constitutes a "transaction" within the meaning of Civil Code §§ 1761(e) and 1770. Each Class Member purchased goods from Defendant that was primarily for personal, family, or household purposes.

69.　The Consumer Legal Remedies Act makes it unlawful for a company to:

a.　Misrepresent the certification of goods. Cal. Civ. Code § 1770(a)(2)(3);

b.　Represent that goods have characteristics or approval that they do not have. Cal. Civ. Code § 1770(a)(5);

c.　Represent that goods are of a particular standard, quality, or grade, if they are of another. Cal. Civ. Code § 1770(a)(7);

d.　Advertise goods with intent not to sell them as advertised. Cal. Civ. Code § 1770(a)(9); and

e.　Represent that the subject of a transaction has been supplied in accordance with a previous representation when it has not. Cal. Civ. Code § 1770(a)(16).

70.     AT&T violated, and continues to violate, the CLRA by representing, through the advertising included on the packaging for GoPhone cellular telephones, a calling plan that allows users to purchase call time at a rate of $0.10 per minute.  In fact, AT&T offers no such rate, instead informing GoPhone purchasers, upon their attempt to activate their previously purchased GoPhones, that the least expensive per minute rate available is $0.25 per minute.  AT&T knew, or should have known, that the representations and advertisements included in the packaging for its GoPhone cellular telephones was false and misleading.

71.     As a direct and proximate result of Defendant's violations, Plaintiff and Class Members have suffered and are continuing to suffer harm.

72.     Defendant's wrongful business practices constituted, and constitute, a continuing course of conduct in violation of the CLRA because Defendant is continuing to engage in the practices complained of herein and which have injured Plaintiffs and Class Members.

73.     Pursuant to California Civil Code §1782(d), Plaintiff, on behalf of himself and other Class Members, seeks a court order enjoining the above-described wrongful acts and practices of Defendant.

74.     No relief of any kind other than injunctive relief is currently sought pursuant to this CLRA cause of action.

## COUNT VII
### Injunctive Relief

75.     Plaintiff repeats and re-alleges the allegations set forth above as if set forth fully herein.

76.     Defendant has, and continues to, market and sell AT&T GoPhones with packaging that is false and misleading.  Plaintiff has been harmed as a result of

Defendant's false advertising and members of the Class continue to be harmed by Defendant's acts.

77. Plaintiff, on his own behalf and on behalf of all others similarly situated, seeks an order of the Court enjoining Defendant and requiring that Defendant immediately: (1) cease the sale of all GoPhone with false and misleading packaging or labeling; (2) offer all consumers who have purchased GoPhones in packaging that advertises $0.10 per minute rates a full refund, with interest, of all costs associated with the purchase or use of their GoPhones; and (3) provide all users of AT&T GoPhones with the opportunity to purchase the $0.10 per minute plans as advertised.

## **PRAYER FOR RELIEF**

Wherefore Plaintiff demands judgment against Defendant as follows:

1. Determining that the instant action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiff as the representative of the Class;

2. An award to Plaintiff and the Class of compensatory, direct, consequential, statutory and incidental damages;

3. Injunctive relief as set forth above;

4. An award of attorneys' fees, costs, and expenses, as provided by law, or equity or as otherwise available; and

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

5.      Such other relief as may be appropriate under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury on all issues so triable.

Dated:  June 2, 2016

/s/ SAMUEL M. WARD

Samuel M. Ward (216562)

Stephen R. Basser (121590)
BARRACK, RODOS & BACINE
One America Plaza
600 West Broadway, Suite 900
San Diego, CA 92101
Tel.:   (619) 230-0800
Fax:   (619) 230-1874
sward@barrack.com
sbasser@barrack.com

*Attorneys for Plaintiff Eric Zatt*